# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Chris Sevier, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Doug Burgum, in his official capacity as Governor of North Dakota et. al., | ) ) ) | |
| | ) | Case No. 1:17-cv-255 |
| Defendants. | ) | |

The plaintiff, Chris Sevier ("Sevier'), initiated the above-entitled action *pro se* and *in forma pauperis* on October 23, 2017. What follows is a pre-service review of his Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the undersigned recommends that Sevier's Complaint be dismissed without prejudice and without service of process.

## I. BACKGROUND

Sevier initiated the above-entitled action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. He seeks to enjoin the State of North Dakota from legally recognizing same sex marriages. Alternatively, he seeks to compel the State of North Dakota to expand its definition of marriage to include the right to marry inanimate objects and to recognize his marriage to his computer. In so doing, he asserts that the State has violated his constitutional right to equal protection and due process by refusing to recognize his marriage to a computer or otherwise issue him a license so that he may remarry his computer in North Dakota. He has named North Dakota Governor Doug Burgum, North Dakota Attorney General Wayne Stenehjem, and Williams County Auditor Beth M. Innis as defendants.

This is not the first such action filed by Sevier; he previously filed what amounts to the same

1

suit in the states of Kentucky, Texas, Tennessee, Utah, and South Carolina. See Sevier v. Bevin, et. al., No. 16-80-HRW, 2017 WL 1217162 at *1 (E.D. Ken. March 31, 2017); Sevier v. Haslam, et al., Case No. 3:16-cv-00134 (M.D. Tenn.); Sevier v. Abbott, et al., Civil Action No. 4:16-cv-00347 (S.D. Tex.); Sevier v. Thompson, et. al., Case No. 2:16-cv-00659 (D. Utah); Sevier v. Haley et al., Civil Action No. 3:16-665 (D.S.C.).

## II. STANDARD OF REVIEW

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of an action without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may dismiss the action if it concludes that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989); Mallard v. U.S. Dist. Ct. S.D. Iowa, 490 U.S. 296, 307–308 (1989) ("Section 1915(d) [now §1915e(2)(B)(I) ], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); see also Stebbins v. Stebbins, 575 Fed. App'x 705 (8th Cir. 2014) (per curium) (affirming the district court's pre-service dismissal of a non-prisoner's *pro se* action); Key v. Does, 217 F.Supp.3d 100, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, [Citation Omitted], all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and

dismissed pursuant to section 1915(e)(2)(B). . . ." and the "Eighth Circuit has on several occasions affirmed decisions dismissing nonprisoner cases under section 1915."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

### III.    DISCUSSION

The Complaint filed by Sevier here is ostensibly a duplicate of the Complaint he filed in the District of South Carolina. There, the district court summarily dismissed Sevier's Complaint pursuant to § 1915)(e). Sevier v. Haley et. al., Civil Action No. 3:16-665-TLW-SVH (D.S.C.). This court should do the same.

Sevier seeks to compel North Dakota to recognize New Mexico marriage ceremony with a computer or otherwise issue him a new marriage license. Notably, he has not submitted any documentation to support his claim that he had a valid marriage ceremony with his computer in New Mexico.

Because New Mexico defines marriage as a civil contract "for which the consent of the contracting parties, capable in law of contracting, is essential," see N.M. Stat. Ann. § 40-1-1 (1915), Sevier's factual allegations concerning his marriage ceremony fail to lead to a plausible legal conclusion that he is married to an inanimate object in New Mexico. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atlantic Corp. v Twombly, 550 U.S. 544, 555 (2007). In other words, his Complaint is devoid of any cognizable claims.

Moreover, Sevier's claims are patently frivolous and should be dismissed sua *sponte* before services of process is effected. Key v. Does, 217 F.Supp.3d 100, 1007 (E.D. Ark. 2016).

3

## IV. CONCLUSION AND RECOMMENDATION

The undersigned **RECOMMENDS** that the court **DISMISS** the above-captioned action without prejudice and without issuance and service of process.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 31st day of October, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court